**Mario A. WILLIAMS, Plaintiff–Appellant,**

v.

**Alvaro C. TRAQUINA; et al., Defendants–Appellees.**

No. 14–16188.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2015.*

Filed March 20, 2015.

Mario A. Williams, Vacaville, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Benjamin Robert Dore, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

**MEMORANDUM ***

Mario A. Williams, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an Eighth Amendment violation in connection with the treatment of his right hand. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment for defendants because Williams failed to raise a genuine dispute of material fact as to whether defendants knew of and consciously disregarded a substantial risk to his health. *See id.* at 1057 (prison officials act with deliberate indifference only if they know of and disregard a "substantial risk of serious harm" to prisoner); *see also Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir.2011) (requirements for establishing supervisory liability); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir.2011) ("To survive summary judgment, a plaintiff must set forth non-speculative

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence of specific facts, not sweeping conclusory allegations.").

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.